IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IOU CENTRAL, INC. :
d/b/a IOU FINANCIAL, INC :
:
    Plaintiff, :
vs. :
: CASE NO.
BIG STATE TIRE AND AXLE, INC., :
BIG STATE SUPPLY, LLC, :
R&S PROPERTIES OF KANSAS, LLC, :
ROY LEE EBARB, :
MELISSA KAY EBARB, :
:
    Defendants :

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. §1332.

2. Defendant Big State [BST] is a company incorporated in Kansas, the location of its principal place of business of which it is a citizen per § 1332.

3. Defendants Roy L. Ebarb [RLE] and Melissa K. Ebarb [MKE] are married individuals domiciled in and citizens of Kansas per § 1332, the members of Defendant R&S Properties [RSP]. RLB is the sole member of Defendant Big State Supply [BSS] an affiliate of BST, operated from the same property and in the same business.

4. Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as IOU's damages, attorney's fees and pre-maturity interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967). ***Cohen v. Office***, 204 F.3d 1077 (11th Cir. 2000); ***Occidental v. Bullard***, 995 F.2d 1046 (11th Cir. 1986); ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977). IOU's damages

and/or equitable relief are valued in excess of $76,000.00. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

5. Per O.C.G.A. § 9-10-90 *et seq* and/or the Constitution, jurisdiction exists, is proper and just for Defendants, who transacted business in Georgia [GA], personally and/or through their agent(s); committed and/or conspired to commit tortious acts or omissions in GA; and/or committed GA acts or omissions as agents of each other; and/or committed tortious injuries in GA by acts and/or omissions outside of GA; engaged in persistent GA contact; derived revenue from GA goods and/or consumed GA services; and/or reasonably consented to personal jurisdiction in GA, where they are subject to liability, who purposefully availed themselves to conducting GA activities.

6. Under 28 U.S.C. § 1391 and § 90, venue is proper as the Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located in this District; and/or consented to this venue.

7. On 6/12/17, RLE submitted a Loan Application to IOU's website, at its GA office, for a commercial loan [Loan] on behalf of BST of which RLE is the sole officer/owner of record, but actually for all Defendants, of which they knew, consented, benefitted and ratified.

8. RLE sought the Loan for Defendants, which both knew of, benefitted from, consented to and ratified the Loan, used to satisfy their prior debts [the Prior Loans] which they incurred; and/or were responsible and otherwise benefitted; as follows:

(a) Quarterspot Loan satisfied by IOU for $27,714.00;

(b) IOU First Loan No. 77833, for $59,290.00, dated 4/7/17, satisfied by the Loan;

(c) Kabbage Loan satisfied by IOU's First Loan for $10,267.00.

(d) Other personal financial obligations upon information and belief.

9. On 10/13/17, RLE telephoned IOU's Georgia staff confirming the information in the Application/Loan Documents of which BST knew, benefitted, consented and ratified.

10. On 10/13/17, RLE electronically executed a Promissory Note to IOU for BST in a principal sum of $81,000.00, at IOU's GA office, by its website, in exchange for IOU's Funds, confirming the information in the Application/call, consenting to GA law and jurisdiction to enforce the Instruments, of which Defendants knew, benefitted, consented and ratified.

11. The Note includes a Security Agreement, by which Defendants, as recipients of the Funds, encumbered and/or were intended to encumber their real and/or personal property as collateral for the Loan, upon which IOU relied in approving the Loan, to which all Defendants knew, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 21]

12. On 10/13/17, RLE electronically executed an unconditional Guaranty of the Note, at IOU's GA office, through its website, who granted and/or intended to grant the same security interest in the property of all Defendants to guaranty the Note, including the Security Agreement to which Defendants knew, consented, benefitted and ratified.

13. Per the Guaranty, RLE granted and/or intended to grant the same security interest in his property to guaranty the Note, including the Security Agreement, who received and personally benefitted from the Funds with BST, and again consented to Georgia law and jurisdiction in the Guaranty, of which Defendants knew, consented, benefitted and ratified.

14. On 10/13/17, RLE executed an Electronic Debit Agreement on behalf of BST at IOU's GA office, through its website, identifying both as the Payor, authorizing electronic payments for the Loan, from their account to IOU's GA office, certifying the purpose of this Agreement was to pay the Loan and the accuracy of their account information of which Defendants knew, consented, benefitted and ratified.

15. On 10/13/17, RLE approved disbursement of the Funds, at IOU's GA office, by its website, for the Loan's purposes, of which Defendants knew, consented, benefitted and ratified.

16. On 10/13/17, Defendants received the Funds by wire transfer from IOU, by IOU's FDIC bank account into their account, of which they knew, consented, benefitted and ratified.

. 17. IOU intended for its Loan to be the senior interest in all property owned by the recipients of the Funds, the Defendants, to be subrogated into the Prior Loans and to be repaid the Funds, which would not have otherwise advanced the Funds under the Guaranty, Note, Security and Debit Agreements. [Instruments]

18. Defendants breached the Instruments shortly after their receipt of the Funds of which they knew, benefitted, consented and ratified.

19. Defendants did not intend to repay the Funds, a fact they did not disclose to IOU, who acted as agents of each other in relation to the Funds and the Loan of which Defendants knew, consented, benefitted and ratified.

20. All Defendants had knowledge of their intended unwillingness, and/or inability to repay the Loan, prior to and after origination of the Loan.

21. All Defendants are jointly and severally liable for the Loan, evidenced by the Instruments per their fulfillment of at least one of the below events; which:

(a). Operate as and constitute a joint racketing and/or other enterprise and/or acted as agents for each other such as applying for the Loan and obtaining the Funds;

(b). Operate as and/or are a partnership, for their same, related business; share/co-mingle their receipt or right to receive a share of profits of the business; whose principals are the individual Defendants, partners in the business; who participate in or have a right to participate in control of the business; agreed to share and/or shared their business losses or liability for claims by third parties against the business; agreed to contribute or contributed money or property to their business, such as the Funds, to acquire assets and personnel for their business and/or related business assets; and/or

(c). Defendants owned/operated BST as their alter-ego, disregarding it as a separate entity, using it as a conduit/instrumentality for their personal affairs like obtaining the Funds and avoiding payment of the Loan, share and co-mingle their assets, finances, ownership and offices.

(d). BST lacks an existence separate from Defendants per their unified interest or ownership, their mere subterfuge to avoid payment of IOU's debt, which should be justly

disregarded, with full liability for damages and relief imposed upon them.

(e). Defendants assumed liability for the debts and other liabilities at issue, the Loan and the claims in this case.

22. Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU by RLE, who negligently, knowingly misrepresented and/or failed to disclose to IOU they (a) their intent and/or ability to perform the Instruments, which they did not intend to and/or could not perform, such as repaying the Funds; (b) sought the Loan to benefit themselves at IOU's expense; (c) the involvement of the other Defendants with the Loan.

23. IOU actually and justifiably relied on Defendants' representations as honest and accurate in the Application, the Instruments, during the call and per their electronic approval for disbursement of the Funds; which resulted in IOU wiring the Funds to them.

24. IOU's Instruments attached to all property, assets and/or proceeds of Defendants, such as the below properties owned by them and their interests in them:

(a) 5929 North Broadway Ave., Park City/Wichita KS 67219; PIN 087-094-17-0-11-01-020.00, [Property] which RLE/MKE own by RSP, mentioned as collateral for the Loan;

(b) The property, assets and proceeds of Defendants secured by the Prior Loans into which IOU is subrogated, including any UCC-1 recorded on the Prior Loans;

(c) Any UUC-1 recorded by IOU as to Defendants as to the IOU Loans.

(d) All other property or interest in property, titled or held by any Defendant.

25. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before commencing suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

26. Defendants breached the Instruments and/or did not satisfy the Claims, did not make payments, violated their terms, now in default; IOU accelerated payment of the balance.

27. Defendants induced and/or encouraged IOU to confer the Funds upon them per the Loan, Instruments and other evidence of which they knew, benefitted, consented and ratified.

28. IOU provided the Funds to Defendants, directly and/or through their agents, with expectation of their repayment, which they appreciated, knew, benefitted, consented and ratified.

29. Defendants knew of, accepted and retained the Funds, which they did not reject, which they should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, by retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

30. Defendants are indebted to IOU for the Funds, interest, attorney's fees, costs and other charges, for which their property, assets and proceeds are to be secured for repayment.

31. Defendants are liable for each other's acts and/or omissions as partners; servants and/or agents, done by command and/or in prosecution of, within the scope of their relationship, by which they jointly benefitted and/or ratified.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

### **COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS**

33. ¶ 1-32 are incorporated.

34. Defendants are and constitute a joint enterprise and act as agents for each other; and/or are a partnership, jointly operating for their business; and/or assumed and are liable for the Loan; detailed above, who obtained the Funds, to benefit themselves

35. Defendants benefitted from the Funds for which they are jointly liable.

36. Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU by RLE, who negligently, knowingly misrepresented and/or failed to disclose to IOU they (a) their intent and/or ability to perform the Instruments, which they did not intend to and/or could not perform, such as repaying the Funds; (b) sought the Loan to benefit themselves at IOU's expense; (c) the involvement of the other Defendants with the Loan.

37. Defendants conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive IOU into closing its Loan.

38. IOU foreseeably, actually and justifiably relied on the lies, misrepresentations and omissions of Defendants as honest/accurate, causing/inducing IOU to approve the Loan and pay the Funds, without SP signing the Instruments a result intentionally procured by the Defendants.

39. The misrepresentations/omissions of material fact of Defendants were calculated by them to deceive IOU, a prudent lender, to illegally obtain and use the Funds, which they would otherwise lack, from which they benefitted.

40. IOU was proximately and/or actually injured by the misconduct of Defendants, which reasonably relied upon their acts and/or omissions in approving the Loan, which IOU would not have otherwise approved only with RLE and BST.

41. The Instruments were intended to bind all recipients and/or beneficiaries of the Funds, such as all Defendants, whose property, assets and proceeds were intended to secure repayment of the Loan per the Security Agreement who knew of, benefitted from, consented to and ratified the Loan and/or otherwise received the Funds, such as IOU's satisfaction of the Prior Loans into which IOU is subrogated, which are revived and will not prejudice any person/entity.

42. All Defendants, their property, assets and proceeds their property, assets and proceeds are subject to the Instruments, repayment of which they seek to evade.

43. The misconduct of the Defendants permits them to be unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or their property, assets and/or proceeds absent IOU's intended senior interests in them, for which IOU has no adequate legal remedy.

44. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 10-1-1 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and establish IOU's Instruments are equitably subrogated into the Prior Debts, which are a secured interest in the property, assets and/or proceeds of the Defendants, such as the Property, relating back to the execution/origination of IOU's First Loan and grant all just relief.

45. Alternatively, per O.C.G.A. § 18-2-1 *et seq*, § 51-1-1 *et seq* and applicable law, IOU demands judgment against Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages and grant all other just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

46. ¶ 1-32, ¶ 34-35 and ¶ 44-45 are incorporated.

47. Defendants approved and/or ratified the Instruments, such as accepting the Funds.

48. Defendants are jointly and/or severally liable under the Instruments.

49. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

50. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

51. Per O.C.G.A. § 13-1-11, Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for

IOU's fees/costs, unless all principal, interest and other charges due to IOU under its Instruments are paid within 10 days after the service date of this Complaint.

52. IOU is entitled to judgment as to Defendants, jointly and severally, for the unpaid principal balance of the Instruments, interest, attorney's fees, costs and other charges.

53. Per O.C.G.A. § 13-1-1 *et seq* and applicable law, IOU demands judgment against the Defendants for damages under the Instruments in the principal sum of at least $76,000.00, attorney's fees, interest, costs and grant all just relief.

### COUNT III: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO ALL DEFENDANTS

54. ¶ 1-32, ¶ 34-35, ¶ 44-45 and ¶ 53 are incorporated.

55. Defendants induced and/or encouraged IOU to confer the Funds upon them, through RLE, per the Loan/Instruments, of which they knew, benefitted, consented and ratified.

56. IOU provided the Funds to Defendants and/or by their agent, expecting their repayment, which they appreciated, knew, benefitted, consented and ratified.

57. Defendants knew of and accepted the Funds, which should be returned or compensated, who are otherwise unjustly enriched by the Funds at IOU's expense, for which IOU has no adequate remedy.

58. Defendants are indebted to IOU for the Funds, interest, costs and other charges.

59. IOU demands judgment against Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and grant all just relief.

## COUNT IV: MONEY HAD AND RECEIVED AND RELATED RELIEF AS TO AS TO ALL DEFENDANTS

60. ¶ 1-32, ¶ 34-35, ¶ 44-45, ¶ 53 and ¶ 59 are incorporated.

61. Defendants wrongfully induced IOU's payment of the Funds through RLE which Defendants received, hold and which rightfully belong to IOU.

62. Defendants should not retain the Funds and unjustly enrich themselves at IOU's expense with the Funds to which IOU is entitled in good conscience and equity.

63. IOU made demand for repayment of the Funds upon Defendants and/or through RLE, which was refused and/or unnecessary and/or futile.

64. IOU demands judgment against Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and all just relief.

## COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

65. ¶ 1-32, ¶ 34-35, ¶ 44, ¶ 53, ¶ 59 and ¶ 64 are incorporated.

66. The property, assets and proceeds of Defendants were intended to secure the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or received/benefitted from the Funds but seek to wrongfully preclude its performance.

67. Defendants knew of, accepted and retained the Funds as a secured debt, who are unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them for which IOU has no adequate remedy.

68. An equitable lien and/or mortgage to satisfy the Instruments is implied on the property, assets and proceeds of Defendants, such as the Property and any property in which IOU has a subrogation interest per its satisfaction of the Prior Loans, as intended.

69. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien and/or mortgage on all property, assets and/or proceeds of Defendants, such as the Property, relating back to the execution/origination of IOU's First Loan and grant all just relief.

### COUNT VI: CONSTRUCTIVE TRUST AND
### RELATED RELIEF AS TO ALL DEFENDANTS

70. ¶ 1-31, ¶ 34-35, ¶ 44, ¶ 53, ¶ 59, ¶ 64 and ¶ 69 are incorporated.

71. The property, assets and proceeds of Defendants were intended to secure the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or received/benefitted from the Funds but seek to wrongfully preclude its performance.

72. Defendants knew of, accepted and retained the Funds as a secured debt, who are otherwise unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them, for which IOU has no adequate remedy.

73. A constructive trust to satisfy the Instruments is implied upon on all property, assets and proceeds, of Defendants, such as the Property and any property in which IOU has a subrogation interest per its satisfaction of the Prior Loans, as intended, to avert unjustly enriching them, in which they cannot enjoy any beneficial interest contrary to principles of equity.

74. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1, § 53-12-132, and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and/or proceeds of Defendants, such as the Property, relating back to the execution/origination of IOU's First Loan and grant all just relief.

# COUNT VII: ATTORNEY'S FEES AND RELATED RELIEF AGAINST THE DEFENDANTS

75. ¶ 1-31, ¶ 33-34, ¶ 44, ¶ 53, ¶ 59, ¶ 64, ¶ 69 and ¶ 74 are incorporated.

76. Defendants acted in bad faith by engaging in their misconduct and otherwise failing to resolve these matters, requiring IOU to bring this action.

77. Defendants were stubbornly litigious as there was no bona-fide dispute as to their liability to IOU, which had to resort to unnecessary trouble and expense to bring this action.

78. Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment against Defendants for its attorney's fees, costs and just relief, if not otherwise granted against them.

79. The individual Defendants are not minor(s); or adjudged incompetent; were not in the military for the last 30 days; and are not subject to protection per 50 U.S.C. §3901 *et seq.*

Respectfully submitted this 14th day of January 2020.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 264-2358
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 82684 and 77833