IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br> vs. <br><br> BIG STATE TIRE AND AXLE, INC., <br> BIG STATE SUPPLY, LLC, <br> R&S PROPERTIES OF KANSAS, LLC, <br> ROY LEE EBARB, <br> MELISSA KAY EBARB, <br><br> Defendants | CASE NO. 1:20-cv-00200-MHC |

## **PLAINTIFF'S TO STRIKE OR DISREGARD IMPROPER MOTION TO DISMISS [DOC 23] AND FOR RELATED RELIEF**

IOU moves to strike or disregard the Motion to Dismiss [Doc 23] the Amended Complaint, improperly based upon the prior Motion to Dismiss [Doc 10] denied [Doc 21] and related relief incorporating its Amended Complaint. [Doc 13]

### **STATEMENT OF FACTS**

1. Plaintiff filed suit against Defendants on the Complaint [Doc 1] who were served with process. [Doc 14-18]

2. Defendants filed their Motion to Dismiss. [Doc 10]

3. Plaintiff filed an Amended Complaint per Fed. R. Civ. P. 15. [Doc 13]

1

4.  The Amended Complaint includes additional factual allegations, particularly relating to personal jurisdiction. [AC ¶ 4, ¶ 6, ¶ 16, ¶ 17, ¶ 19] and an additional claim for breach of fiduciary duty and related relief. [AC ¶ 72-80]

5.  The Motion to Dismiss was denied as moot per the Amended Complaint. [AC] [Doc 21]

6.  Defendants filed a Motion to Dismiss the AC. [Doc 23]

7.  The Motion to Dismiss the AC attempts to improperly incorporate the previously denied Motion to Dismiss the Complaint, <u>which lacks a memorandum of law or affidavit directed to the AC</u>, in violation of L.R. 7.1 and Fed. R. Civ P. 6-7.

8.  The Motion [Doc 23] should be stricken and disregarded and default entered as to Defendants, per the Proposed Order attached as **<u>Exhibit 1.</u>**

## MEMORANDUM

The Court is requested to take judicial notice of these matters per FRE 201.

### I. Motion for Leave

Plaintiff respectfully moves for leave to have its Motion accepted in Response to the Motion to Dismiss, if needed, delayed due to an internet outage in the locale of the law office of Plaintiff's counsel. ***<u>Buford v. City of Atlanta</u>***, LEXIS 166286 (N.D. Ga. 2011) [permitted amended response to motion, filed 4 days after deadline, which did not prejudice adversary] Plaintiff's amended response is only

filed 7 hours after the deadline before the start of the business day. Therefore, the relief should be granted.

## II. The Improper Motion [Doc 23] violates the Federal and Local Rules.

The Motion [Doc 23] did not comply with L.R. 7.1 which states as follows:

(A) Filing of Motions.

> (1) Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. *If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law.*
>
> (2) Specific filing times for some motions are set forth below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later.

(B) Response to Motion. <u>Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion</u>, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion. <u>Failure to file a response shall indicate that there is no opposition to the motion</u>.

(C) Reply. A reply by the movant shall be permitted, but it is not necessary for the movant to file a reply as a routine practice. When the movant deems it necessary to file a reply brief, the reply must be served not later than fourteen (14) days after service of the responsive pleading.

(F) *Effect of Noncompliance.* <u>The Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules.</u>

The Court may grant a motion to disregard a non-conforming document under L.R. 7.1 (F). **_Pelican v. Travel_**, LEXIS 224804, *7 [granted motion to disregard motion for summary judgment which did not comply with local rules] **_Hayes v. McCalla Raymer_**, LEXIS 17683 * 17 (N.D. Ga. 2013) [granted motion to disregard brief which did not comply with L.R. 7.1]  This relief is required here.

The Motion lacks a memorandum of law, contrary to N.D. Ga. L.R. 7.1 A (1)." ["*Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority*."] Fed. R. Civ. P. 7(b)(1) provides: "[A] request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) *state with particularity the grounds for seeking the order*; and (C) state the relief sought." This omission alone requires denial of the Motion or it to be disregarded, which is relief available in a motion, as done before.  **_Hayes_**, LEXIS 17683 * 17

"It is well- established that [even] *pro-se* litigants are required to comply with procedural rules." **_Moton v. Cowart_**, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) *cited* by **_Burger v. Hartley_**, LEXIS 191664, *2-3 (S.D. Fla. 2012) [struck unauthorized *pro-se* sur-reply] The Motion lacks a memorandum of law. **_Ballard v. Bank of Am_**, LEXIS 189270 *21, FN 8 [denied *pro-se* motion to strike, finding "As…the defendants point out, [the pro-se] plaintiff's motion to strike…is also due

to be denied is also due to be denied for failure to comply with N.D. Ga. L.R. 7.1 A (1)." ["Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority."]; **Ogier v. Johnson**, LEXIS 180605 (N.D. Ga. 2013) [denying motion "for failure to comply with L.R. 7.1 A(A). "where the motion was not accompanied by a supporting memorandum of law" and lacked supporting authority"] **Grant v. Countrywide**, LEXIS 51031 (N.D. Ga. 2009) [denying plaintiffs' motion where "[p]laintiffs [] failed to file a Brief in Support of their Motion."]. **Smith v. Atlanta Postal Credit Union**, LEXIS 137621 * 23 (N.D. Ga. 2009) [dismissed *pro-se* suit, finding plaintiff filed motion that cited absolutely no supporting authority and violated L.R. 7.1(A)…holding "The Court appreciates that substantive legal issues may be difficult for [even] *pro-se* litigants to grasp and that [even] *pro-se* filings must therefore be liberally construed substantively, but the law is well-established that [even] *pro-se* Plaintiffs must follow rules of procedure. **Moon v. Newsome**, 863 F.2d, 835 837 (11th Cir. 1989) ("Once a *pro se* ... litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). *See* **Ware v. Wells Fargo**, LEXIS 202536 *10-11 (N.D. Ga. 2014) [denied *pro-se* motions to amend which lacked memoranda of law] **Thomas v. American Tobacco Co**., 173 F.R.D. 546, 547 (M.D. Ga. 1997) (underscoring that "pro se plaintiffs are required

to follow the same procedural rules as other litigants") The Motion should be stricken and/or disregarded for its violation of L.R. 7.1, by an attorney admitted to this court. Plaintiff and its counsel have no obligation to brief Defendants' claims.

**III.     The Prior Motion was Denied as Moot which cannot form the basis for the Current Motion.**

In the Order [Doc 23], the prior Motion [Doc 10] was <u>denied</u> as follows:

"This case comes before the Court on Defendants' Motion to Dismiss [Doc. 10] Plaintiff's original Complaint [Doc. 1]. Defendants filed their Motion to Dismiss on March 5, 2020. On March 24, Plaintiff filed an Amended Complaint [Doc. 13]. Under the Federal Rules, "an amended complaint supersedes the original complaint." See ***Gross v. White***, 340 F. App'x 527, 534 (11th Cir. 2009) (quoting Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)). Moreover, the filing of an amended complaint renders an earlier-filed motion to dismiss moot. See ***Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.***, No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("The filing of the amended complaint renders Defendants' earlier filed Motion to Dismiss moot."). **Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. 10] is DENIED AS MOOT**."

The Amended Complaint *superseded* the Complaint, to which the Motion to Dismiss was directed, *now moot and denied*. ***Lowery v. Ala. Power Co***., 483 F.3d 1184, 1219-20 (11th Cir. 2007) [The amended complaint "supersedes the initial complaint and becomes the operative pleading in the case."] ***Pintado v. Miami-Dade***, 501 F.3d, 1243 (11th Cir. 2007) ***Hoefling v. Miami***, 811 F. 3d. 1277 (11th Cir. 2016) [second amended complaint superseded first one which became a legal nullity] *citing* ***Brown v. Credit Mgmt***, WL 224758, at *2 (N.D. Ga. 2015) [motion

6

moot which sought judgment as to "pleading that will have been superseded"]

Accordingly, <u>*the prior Motion [Doc 10] is no longer before the Court which cannot be considered*</u>, contrary to the baseless current Motion, filled with grammatical and other errors, *absent authority*, which inaccurately states:

> Plaintiff's Amended Complaint does not in any way address or resolve any of the issues raised in the original Motion to Dismiss. The Amended Complaint fails to allege any additional facts of significance, or to make any substantive changes whatsoever. Instead, Plaintiff made a few slight modifications moving allegations from one paragraph to another and simply added an additional count (Count VIII: Breach of Fiduciary Duty/Trust, Conversion/Related Relief to All Defendants). None of these changes are meaningful or substantive and change nothing related to the original Motion to Dismiss. [Doc 23-1, p. 3-4 of 8]
>
> In accordance with LR 15.1, in support of the instant Motion to Dismiss filed contemporaneously herewith, Defendants hereby reinstitute and here by incorporate the entirety of their initial Brief In Support of Defendants' Motion to Dismiss [Doc. No. 10-1] herein. In summary, the Motion to Dismiss is for lack of *jurisdiction*. [Doc 23-1, p. 5 of 8]
>
> L.R. 15.1 states as follows:
>
> In those instances where reproduction of the entire *pleading* as amended would be unduly burdensome, parties filing or moving to file an amendment to a *pleading* shall be permitted to incorporate relevant provisions of prior *pleadings* by reference.

L.R. 15.1 applies to *pleadings* [See Fed. R. Civ. P. 7] L.R. 7.1 governs *motions.* This "motion" fails to comply with L.R. 7.1 and Fed. R. Civ. P. 6 requiring to be stricken or disregarded as shown above.

**IV.     The Motion Lacks an Affidavit.**

Fed. R. Civ. P. 6 (d) states: "[W]hen a motion is supported by Affidavit, the Affidavit shall *be served with the motion*."

In the Motion [Doc 23-1, p. 2] Movants merely reference a prior affidavit of Roy Ebarb [Doc 10-1] part of a prior *denied* motion to dismiss [Doc 10] as to the Complaint [Doc 1], rendered moot by the Amended Complaint. Movants failed to file a *new* affidavit *with* their current Motion **and failed to file any Affidavits for as all Defendants** which are fatal defects that cannot be cured now. ***Carlisle v. National Commercial***, LEXIS 88186 *2-3 (N.D. Ga. 2015) [denied motion to vacate default as affidavit was not filed with motion, pers Fed. R. Civ. P. 6(c) requiring *"[a]ny affidavit supporting a motion must be served with the motion." The purpose of Rule 6(c)(2) is to ensure that the party opposing a motion be given sufficient time to respond to affidavits filed by the moving party, thereby avoiding trial by ambush [*3] and undue delay in the case. Similarly, the Local Rules for this Court provide that "[e]very motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." N.D. LR 7.1A(1). Thus, as a general rule, affidavits must be filed and served with the motion and courts refuse to consider*

8

***affidavits supportive of facts referenced in an opening brief***. ***Exceptional Mktg. Grp. v. Jones***, 749 F. Supp. 2d 1352, 1359-60, 1365 (N.D. Ga. 2010) (C.J. Thrash) (granting plaintiff's motion to strike affidavits filed with defendant's reply brief because they merely embellished facts presented in defendant's opening brief in support of *motion* to dismiss); adopted by ***Carlisle v. National Commercial***, LEXIS 88186 (N.D. Ga. 2015) [(C.J. Thrash)

See ***Barriere v. Cap Juluca***, LEXIS 21500 *13-14 (S.D. Fla. 2014) [denying motion to dismiss for lack of personal jurisdiction] holding:

> "***In support of its motion to dismiss, defendant failed to file any affidavits, testimony, or documents. Thus, it cannot be said that defendant raised a "meritorious" defense to personal jurisdiction***. ***Melgarejo v. Pycsa***, 537 Fed. Appx. 852, WL 5183755 at *3-4 (11th Cir. 2013) (in support of motion to dismiss under Fed. R. Civ. P. 12(b)(2), *the foreign defendant submitted evidence in support of its position, including an affidavit by its former president*). Because the Court must accept Plaintiffs' allegations absent any challenge that would shift the burden, and because Defendant has not properly made such a challenge, the Court finds that Plaintiffs have sufficiently alleged Defendant has such minimum contacts with the forum to allow for personal jurisdiction under the Florida long arm statute. ***Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino***, 447 F.3d at 1360, (11th Cir. 2006) [reversing grant of motion to dismiss for lack of personal jurisdiction]

***Tishcon v. Soundview***, LEXIS 97309 *26-27 WL 6038743 at *8 (N.D. Ga. 2006) [court refused to consider plaintiff's reply declarations which "[were] not limited to addressing an argument initiated by defendants in their responses." ***Id***.

Rather, "plaintiff offer[ed] the declarations...as a substitution for declarations" filed in support of the plaintiff's motion for summary judgment. ***Id. Lewis v. Zilog***., 908 F. Supp. 931, 959 (N.D. Ga. 1995) [affidavits filed with reply brief were untimely filed] ***As shown here, IOU forced Movants to withdraw their prior affidavit [Doc 10-1] which failed to disclose their prior Georgia litigation activities [AC] who never re-submitted their false affidavits with this Motion. Movants conceded the falsity of their affidavit by failing to renew it with this Motion. which never addressed IOU's new allegations on the falsity of the affidavit.***

Accordingly, Movants present *no* evidence of their sweeping allegations and never dispute that they were agents of the other Defendants or conspiring with them. See ***Cadle v. Menchion***, LEXIS 142124 *7-8 (N.D. Ga. 2014) holding that,

> "In a personal jurisdiction analysis, the facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. *If, however, defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."* ***Id.*** [court took jurisdictional allegations in pleading as true when defendant presented no affidavit/declaration to controvert them, ultimately denying motion to dismiss]

> The Georgia Court of Appeals similarly held that under Georgia law:

> "[w]hen a defendant moves to dismiss for lack of personal jurisdiction, he has the burden of proving that he is not subject to the jurisdiction of the court. Where the motion is decided without an

evidentiary hearing and based solely upon the written submissions of the parties ., any disputes of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and we review the decision of the trial court de novo. ***Weathers et al. v. Dieniahmar Music, LLC et al***. 788 S.E.2d 856 (Ga. App. 2016) *citing* ***Paxton v. Citizens Bank & Trust of West Ga.***, 704 S.E.2d 215 (2010). [reversed erroneous dismissal of case for lack of personal jurisdiction *due to lack of evidence presented by movant, in part*, finding personal jurisdiction over non-Georgia loan guarantors]

Here, Movants have presented no evidence to the Court, of their arguments of the Court's alleged lack of personal jurisdiction over them – just bare-bones arguments in their unsupported Motion requiring its denial, as the Court also held:

> "Plaintiff may rest on jurisdictional allegations in the complaint unless the defendant controverts those allegations with a factual showing. In that event, the plaintiff has the burden of going forward with sufficient factual evidence to establish a *prima facie* showing of the jurisdictional allegations." ***National Egg v. Bank Leumi***, 504 F. Supp. 309 (N.D. Ga. 1980) [denied motion to dismiss for lack of personal jurisdiction *as non-Georgia defendants were subject to personal jurisdiction in Georgia for fraud and conspiracy based upon a single telephone call, to a Georgia plaintiff by one non-Georgia defendant essentially acting as an agent for the other non-Georgia defendant*]

Therefore, the Motion should be denied for its lack of evidence alone, which fails to controvert or even address the allegations in the Amended Complaint.

## V.     **Default Should Be Entered as to Defendants who waived their defenses.**

As shown here, the Defendants failed to respond to the AC as required by Fed. R. Civ. P 6, 7, 12 and 15: who did *not* dispute service of the AC and its additional claim upon them: defenses they waived. ***Pardazi v. Cullman Medical***

11

*Center*, 896 F.2d 1313, 1318 (11th Cir. 1990) [defendant waived defense of service of process by failing to state it in pre-answer motion] Therefore, default should be entered against the Defendants per Fed. R. Civ. P. 55 (a)

### **CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

### **CERTIFICATE OF SERVICE**

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to opposing counsel of record.

Respectfully submitted this 22nd day of April 2020.

    By:    */s/Paul G. Wersant*
              Paul G. Wersant
              Georgia Bar No. 748341
              3245 Peachtree Parkway, Suite D-245
              Suwanee, Georgia 30024
              Telephone: (678) 894-5876
              Email: pwersant@gmail.com
              Attorney for Plaintiff
              File No. 82684 and 77833