IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC <br><br> Plaintiff, <br> vs. <br><br> BIG STATE TIRE AND AXLE, INC., <br> BIG STATE SUPPLY, LLC, <br> R&S PROPERTIES OF KANSAS, LLC, <br> ROY LEE EBARB, <br> MELISSA KAY EBARB, <br><br> Defendants | CASE NO. 1:20-cv-00200-MHC |

## **PLAINTIFF'S IOU's REPLY TO RESPONSE [DOC 27] TO MOTION TO STRIKE [DOC 24]**

IOU replies to the Response [Doc 27], unsupported by authority and ridded with misstatements of fact, as was the Motion [Doc 23], as follows, incorporating its Motion to Strike [MTS Doc 24] and Amended Complaint. [AC Doc 18]

1.    Defendants conceded their failure to respond to IOU's statement of facts, which was ignored by them. [Compare Doc 24, p. 1-2 to Doc 27, p. 1-2]

2.     Defendants conceded their failure to respond to IOU's arguments, of their violations of L.R. 7.1, curable by striking or disregarding their no-compliant documents. [Doc 24, p. 3-4]

3.    Defendants conceded their failure to respond to IOU's arguments they cannot 'incorporate' their original motion to dismiss [Doc 10], denied as moot

1

[Doc 21] per the Amended Complaint. [Compare Doc 27, p. 3 to Doc 24, p. 6-7]

4. Defendants conceded their utter failure to address IOU's Amended Complaint [AC] including its jurisdictional allegations and new claim for breach of fiduciary duty [Compare Doc 27, p. 3 to Doc 24, p. 6-7 and to AC Doc 18]

5. Defendants conceded their failure to include affidavits supporting their baseless personal jurisdiction arguments as to the AC and withdrawal of their prior false, inaccurate affidavit. [Compare Doc 27, p. 3 to Doc 24, p. 8-10]

6. Defendants improperly raise alleged financial woes as a new defense [Doc 27, p. 4] matters *outside* of the Amended Complaint, which *cannot* be raised in their "Motion" or "Response" and should be disregarded. Defendants chose to apply for and ratify IOU Loans, who retained the loan proceeds long before this litigation, who now only complain about being forced to return the money which they fraudulently induced from IOU. [Doc 18]

7. Defendants concede their failure to address IOU's argument that their Motion to Dismiss [Doc 23] *is moot.* [Compare Doc 24, p. 6 to Doc 27, p. 5] **See Doc 21: Order finding Motion to Dismiss [Doc 10] was moot.**

8. Defendants concede their failure to address IOU's arguments for entry of default per their failure to respond to the AC. [Doc 24, p. 11-12]

9. Defendants now request a 'status conference' with the Court to legally advise them and their lawyer "how to recast or reformat their Motion" [Doc 27, p. 7]. This 'relief' lacks any basis which cannot be sought in the Response.

10. The repeated refusal of the Defendants to comply with the Federal and Local Rules of Civil Procedure justifies entry of default against them.

11. It is unfair and prejudicial for IOU to comply with the Federal and Local Rules which are routinely and blatantly ignored by the Defendants, even in their Response, requiring the granting of this MTS.

## MEMORANDUM

The Court is requested to take judicial notice of these matters per FRE 201. As the Court held:

> "Federal Rule of Civil Procedure 7(b)(1) provides that "[a] request for a court order must be made by motion. The motion must (A) be in writing unless made during a hearing or trial (B) state with particularity the grounds for seeking the order and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). *L.R.7.1(A)(1) provides that every motion presented to the clerk for filing shall be accompanied by a memorandum of law that cites supporting authority*. LR 7.1(A)(1), **Bernstein v. Wells Fargo**, LEXIS 222754 *38-40 FN 7 (N.D. Ga. 2018) [denied plaintiff's request to amend suit embedded in response to a motion to dismiss]

Clearly, the Motion to Dismiss [Doc 23] fails to comply with this basic standard, which lacks a statement of facts, a memorandum of law citing supporting authority and an *affidavit*, which *cannot* be bootstrapped onto the prior Motion [Doc 10] denied by the Court as moot. [Doc 21: see also Doc 24, p. 3-5]

## I. Defendants conceded the arguments in the MTS. [Doc 24]

Defendants abandoned their arguments in response to the MTS as shown here. ***Coalition for Abolition of Marijuana Prohibition v. Atlanta***, 219 F.3d 1301, 1326 (11th Cir. 2000) [party's failure to brief and argue issue means it is abandoned], ***Hudson v. Norfolk***, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ["[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"] (*citing* ***Resolution Trust v. Dunmar***, 43 F.3d 587, 599 (11th Cir. 1995)) ***Northern Assur. v. Bayside***, LEXIS 4033, *8-9 (N.D. Ala 2009) [citing above cases, finding party abandoned arguments by failing to respond to them in a motion] Nearly all arguments in the MTS [Doc 24] are *unaddressed* in the "Response" [Doc 27] as shown below.

## II. The Court may grant the MTS to Enforce the Rules.

The MTS cites L.R. 7.1 and other authority as a basis to strike or disregard the improper "Motion" [Doc 24, p. 3-6] Defendants fail to respond to this argument, who merely claim the MTS is "unsupported." [Doc 27, p. 2] The failure of Defendants to respond this MTS argument means it is unopposed. ***Ownbey v. Wachovia***, 457 F. Supp. 2d 1341, 1353 (N.D. Ga. 2006) *citing* ***Welch v. Delta***, 978 F. Supp. 1137 (N.D. Ga. 1997) [Under L.R. 7.1, failure to respond to arguments in motion mean it is unopposed on that ground].

Per the MTS, the Court can enforce *Local Rules*, striking or disregarding non-compliant documents by motion of a party. **Milton v. Bank of Am,** LEXIS 180377 *9-10 (N.D. Ga. 2015) [granted motion to disregard untimely response to motion to dismiss, citing L.R. 7.1 (F)] **Reese v. Herbert**, 527 F.2d 1253, 1262, 1267-68, 1274 (11th Cir. 2008) ["Local rules generally reflect the courts' traditional authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" [*affirmed* grant of defense motion to *strike* plaintiff's affidavit which violated L.R. 56] **United States v. Ochoa-Vasquez**, 428 F.3d 1015, 1026-1027 (11th Cir. 2005) [affirmed striking of motion which failed to comply with L.R. 7.1 (F)] **Gass v. Cbocs,** LEXIS 201994 *4-5 (N.D. Ga. 2012) [struck plaintiff's statement of facts which did not comply with L.R. 56.1] **Disabled Patriots of Am v. HT W. End**, LEXIS 9227 *12-13 (N.D. 2006) [granted motion to strike fee petition filed in violation of L.R. 83.1 as plaintiff's counsel was not admitted to the Court] **Hayes Bank v. McCalla**, LEXIS 17683 * 17 (N.D. Ga. 2013) [granted motion to disregard brief which did not comply with L.R. 7.1]

Defendants cannot ignore the Rules with their impermissible, unsupported arguments, even in their Response to this MTS while IOU briefed these issues per L.R. 7.1. This misconduct can be rectified by granting the MTS.

### III. **Defendants cannot "incorporate" the *denied* Motion. [Doc 10]**

Defendants argue they can respond to the AC, by 'incorporating' their *denied* Motion and affidavit [Doc 10] by reference. [Doc 27, p. 3] They cite no basis for this 'incorporation' argument in their "Response, who conceded IOU's argument that their 'incorporation' argument under L.R. 15.1 was invalid: *15.1 applies to pleadings: a motion is not a pleading*. [Doc 24, MTS p. 6]

A motion to dismiss may *only* incorporate documents by reference which are central to *plaintiff's* claim and undisputed. **Arango v. U.S. Dep't of Treasury**, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ["Documents attached to and *incorporated into the complaint* were properly before the district court on a motion to dismiss."]. In the Eleventh Circuit, this is the "*incorporation by reference" doctrine*." **Horsley v. Feldt**, 304 F.3d 1125, 1134 (11th Cir. 2002) *see also* Fed. R. Civ. P. 10(c). [At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) *central to the plaintiff's claim and (2) undisputed*." **Id** at 1134. "'Undisputed' means that the authenticity of the document is not challenged." **Id.** The prior Motion is *not* attached to or central to the Amended Complaint. Defendants lack any basis to 'incorporate' their prior Motion into the current Motion, requiring it to be struck or disregarded.

**IV.     The Prior Motion is Moot and Cannot be Considered. [Doc 21]**

Again, Defendants ignore the main flaw in their arguments [Doc 27]: *denial* of their prior Motion to Dismiss *as moot*, [Doc 21] which did *not* address the AC, a result frivolously ignored by them. **_Malowney v. Fed. Collection Deposit Grp._,** 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ["An amended complaint supersedes an original complaint."], **_Varnes v. Local 91_**, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ["As a general rule, *an amended complaint supersedes and replaces the original complaint* unless the amendment specifically refers to or adopts the earlier pleading."] The Motion to Dismiss was directed to the superseded Complaint. **_Gulf Coast v. Johnson_**, LEXIS 11269, WL 434880, at *1 (M.D. Fla. 2008) [motion to dismiss moot per amended complaint as "[a]n amended complaint completely supersedes the original complaint, *and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint*"], **_Mizzaro v. Home Depot_**, LEXIS 59781, WL 2254693 at *3 (N.D. Ga. 2007) [dismissed motion to dismiss as moot after filing of amended complaint] The prior Motion and affidavit cannot be used by Defendants for any purpose, but the affidavit can be used as a judicial admission by IOU. **_Shuler v. Ingram_,** 441 Fed. Appx. 712, 718-19 (11th Cir. 2011) [discussing that party is bound by his lawyer-agent]

**V.      Defendants misstate law and improperly raise new arguments/defenses and relief in their Response, which should be disregarded.**

The Court may only consider the 4 corners of the AC unless converting the Motion to Dismiss [Doc 23] to one for summary judgment, which cannot be done as the "incorporated" Motion [Doc 10] is moot. ***Marine Coatings v. United States,*** 792 F.2d 1565, 1568 (11th Cir.1986), *rev'd on other grounds,* 932 F.2d 1370 (11th Cir.1991). Defendants may not raise new arguments and defenses in the Response, such as their alleged financial condition. [Doc 27, p. 4] The Court should disregard these improper new 'defenses.' ***Kipperman v. Onex***, 411 B.R. 805, 866 (N.D. Ga. 2009) [disregarded new defenses raised for first time in response to motion] ***Robertson v. Allied,*** LEXIS 53345 *23 (N.D. Ga. 2009) [new claims cannot be raised for first time in response] ***Brown v. US Bank***, LEXIS 185020 FN 14 at *30 (N.D. Ga. 2019) [plaintiff could not raise new claim for first time in response to motion]

**VI.     Defendants Cannot Seek Affirmative Relief in their Response.**

Furthermore, Defendants cannot now seek affirmative relief, such as a conference to 'reformat or recast' their Motion, by an unsupported request buried in their Response. [Doc 27, p. 7] The Court has no obligation to provide legal advice to defense counsel, who alone is responsible for representing his clients.

Under Fed. R. Civ. P. 7(b), "a request for a court order must be made by motion." A defendant cannot embed an unsupported request for relief in  response

as the Eleventh Circuit held as follows:

> "In his *response* to the motion for limited remand, the Trustee requests sanctions for the filing of Franken's "frivolous" motion. *Although a response may include a motion for affirmative relief, such a motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.*" Fed. R. App. P. 27(a)(2) &(3)(B). The Trustee's perfunctory and conclusory request for sanctions fails to meet the particularity requirement and is denied. **Franken v. Mukamal**, 449 Fed. Appx. 779 FN 2 (11th Cir. 2011)

*See* **Long v. Satz**, 181 F.3d 1275, 1279 (11th Cir. 1999) [affirmed court's denial of leave to amend *only included in plaintiff's response to motion to dismiss*, who failed to attach amendment or set forth its substance] Defendants filed no motion seeking their improper relief which cannot be sought in their "Response." **Kubiak v. S.W. Cowboy**, LEXIS 41164 FN 2. (M.D. Fla. 2017), **Robbins v. Owners**, LEXIS 81881 * 3, FN4 (S.D. Ga. 2015) [disregarded improper relief sought in responses, not motions] This relief should be disregarded or stricken as did other courts in the Eleventh Circuit. **Billingsley v. Orr**, LEXIS 3614 *28 (N.D. Ala. 2015) [overruled procedurally defective objection buried in response citing **Cf. Robinson v. Section 23**, WL 2215757, *1 n.1 (M.D. Fla. 2014) ["requests for relief buried in responses to motions or not otherwise properly before the Court *may be stricken*."]. The misconduct of Defendants should be cured by granting the Motion and striking and/or disregarding their improper request for relief in the Response. **Circle Group v. Southeastern**, 836 F. Supp. 1327, 1349-50 (N.D. Ga. 2011) [granted motion to strike unauthorized reply to statement of facts in violation of L.R. 56.1]

9

**VII.  Defendants failed to respond to IOU's Arguments regarding Default.**

Lastly, per Fed. R. Civ. 15 and 55 (a), IOU sought entry of default as to Defendants for their refusal to respond to the AC [Doc 24, p. 11-12] another argument they ignored, relief which should be granted. On 3/24/20 the AC was served upon the Defendants by their counsel via ECF per Fed. R. Civ. P. 5 (b)(1) and (2)(E) [Doc 18] who did not object to and waived any defense of service on its new claim.  The Motion to Dismiss was denied as moot *on 3/25/20.* [Doc 21] Therefore, a response to the AC was due within 14 days after service of this pleading, per Fed. R. Civ. P. 15 (a)(3): to which the Defendants never responded as required by L.R. 7.1 or Fed. R. Civ. P. 8 and 12.

<u>Defendants and their counsel significantly delayed this matter for nearly two months by frivolously refusing to respond to the AC.</u> The Defendants are default of the AC, against which default may be entered by the Clerk or the Court. ***Liberty v. Fleet***, LEXIS 91716 *27-29 (N.D. Ala. 2013) [citing various cases, entered default on amended complaint, holding "even *assuming* a defendant appeared and answered, the court *still* has authority to order entry of default when there is sufficient evidence of defendant's dilatory tactics or failure to comply with orders and rules of procedure"]

See ***Perez v. Wells***, 774 F.3d 1337 (11th Cir. 2014) [<u>"Rule 55(a) mandates the entry of default so that "the adversary process [will not be] halted because of an</u>

essentially unresponsive party."] As the Court held: "The threat of default (and default judgment) is the court's primary means of compelling defendants in civil cases to appear before the court. If these defaults could be put aside without cause, the threat of default would be meaningless, and courts would lose much of their power to compel participation by civil defendants." ***African Methodist Episcopal v. Ward,*** 185 F.3d 1201, 1203 (11th Cir. 1999), cited by the Court in ***Bellsouth v. Mintz***, LEXIS 102743 (N.D. Ga. 2006), ***Selective Way v. Grier***, LEXIS 169128 (N.D. Ga. 2011), ***Glock v. Global***, LEXIS 199545 (N.D. Ga. 2017) [imposed/refused to vacate entries of default as to non-responsive defendants] Entries of default are fully deserved in these circumstances.

## **CONCLUSION**

Defendants refuse to obey and comply with the same rules and standards as other litigants in this Court, whose impermissible "Motion" and "Response" should be disregarded or stricken, against whom default should be entered.

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a) That the Court strike and/or disregard the Motion to Dismiss and Response [Doc 23, 27]; and

(b) Enter default as to Defendants per the Amended Complaint [Doc 18];

(c) Grant all other just relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to opposing counsel of record.

Respectfully submitted this 12th day of May 2020.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 82684 and 77833